IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY B. PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 10-CV-0718-MJR |
| | ) |
| DOCTOR FENOGLIO, | ) |
| | ) |
| Defendant. | ) |

### ORDER

**REAGAN, District Judge:**

Plaintiff Jerry B. Palmer, an inmate currently incarcerated at Lawrence Correctional Center, filed suit pursuant to 42 U.S.C. § 1983, alleging that officials and medical personnel at four different prisons were deliberately indifferent to his serious medical needs. More specifically, Palmer took issue with the lack of appropriate treatment for his rotator cuff injury. Only the claim against Dr. Fenoglio survived the Court's threshold review pursuant to 28 U.S.C. § 1915A. Dr. Fenoglio was granted summary judgment based on Plaintiff's failure to exhaust administrative remedies before filing suit; judgment was entered accordingly. Plaintiff subsequently filed a Motion to Alter Judgment pursuant to Fed.R.Civ.P. 59(e) (Doc. 44), and a Notice of Appeal (Doc. 45). In pursuit of his appeal, Palmer also seeks leave to proceed *in forma pauperis* on appeal (Doc. 49).

1. **Procedural Posture**

As an initial matter, the Court must clarify the procedural posture of this case. Judgment was entered on April 30, 2012. In accordance with Fed.R.Civ.P. 59, a motion to alter judgment must be filed within 28 days from the entry of judgment. As a general matter, a notice of appeal must be filed within 30 days of entry of judgment (*see* Fed.R.App.P. 4(a)(10(A)).

1

However, if a Rule 59 motion to alter judgment is timely filed, the time to file a notice of appeal is tolled until the motion is decided (*see* Fed.R.App.P. 4(a)(4)(A)(iv)).

Plaintiff's Motion to Alter Judgment (Doc. 44) was filed within the 28-day period; and an improper grant of summary judgment is appropriate for reconsideration under Rule 59(e). *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). Therefore, Palmer's Notice of Appeal will not be deemed to take effect until the day the Court rules on the Motion to Alter Judgment and this Court retains jurisdiction over this case. As a consequence of this minor procedural misstep, Plaintiff Palmer's motion to proceed as a pauper on appeal is also premature. In the interests of judicial economy, the Court will now rule on the Motion to Alter Judgment and, by separate order, will rule on the motion to appeal as a pauper.

2. **Federal Rule of Civil Procedure 59**

Federal Rule of Civil Procedure Rule 59(e) permits the Court to consider a "motion to alter or amend a judgment." The Court reviews its prior judgment under Rule 59(e) to determine whether "there exists a manifest error of law or fact so as to enable the court to correct its own errors and thus avoid unnecessary appellate procedures." *Divane v. Krull Elec. Co., Inc.,* 194 F.3d 845, 847 (7th Cir. 1999), (citing *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)); *see also Obriecht v. Raemisch,* 517 F.3d 489, 494 (7th Cir. 2008). "However, it is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Sigsworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir. 2007) (internal citations omitted). Moreover, the decision to grant a Rule 59(e) motion lies in the absolute discretion of the district court. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618 (1983)) ("A court has the power to revisit prior decisions of its

own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' ").

### 3. Analysis

The issue of whether Plaintiff Palmer exhausted administrative remedies before filing suit turned—in great part—on whether Palmer's May 11, 2009, grievance regarding medical care was lodged before or after he was actually seen by Dr. Fenoglio regarding his rotator cuff injury. Magistrate Judge Stephen C. Williams conducted an evidentiary hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), after which he directed Defendant to submit Plaintiff's medical records for the period between February and October 2009 (Doc. 36). As ordered, the records were produced to the Court (not Plaintiff) and considered in connection with Defendant's motion for summary judgment; the records were subsequently made a part of the record ( Doc. 42).

Judge Williams found that there was no evidentiary support for Palmer's contention that he had seen Dr. Fenoglio prior to filing a grievance, making it impossible for Palmer to have grieved the treatment offered by Dr. Fenoglio. Palmer objected to Judge Williams' Report and Recommendation (Doc. 39), and he simultaneously filed a separate motion seeking sanctions against Defendant for submitting altered or incomplete records (Doc. 38). Plaintiff argued that had the Department of Corrections' Offender Tracking System "OTS" records been produced, there would be corroboration of when he visited the Health Care Unit and whether he was seen by Dr. Fenoglio. The motion for sanctions was not decided, but since the same general argument was presented in Plaintiff's objection to the Report and Recommendation, this Court reviewed the issue *de novo* before making the final ruling granting

Defendant summary judgment (*see* Doc. 41, pp. 6-8).  Analyzing the adequacy of the grievances vis-à-vis the statutory specificity requirement, this Court stated in pertinent part:

> The May 11, 2009, grievance does alert the prison that Palmer wanted medical treatment and/or physical therapy. However, there is no indication that Dr. Fenoglio had been asked to see or treat Palmer and had declined. There is also no indication Dr. Fenoglio had seen Palmer and mistreated him. Similarly, the May 17, 2009, grievance does not suggest any involvement on the part of Dr. Fenoglio in either declining to treat Palmer or in mistreating him. Neither grievance describes the sort of claim that is asserted against Dr. Fenoglio in this case.
> In his affidavit, Palmer swears that he saw Dr. Fenoglio prior to May 11, 2009. However, his own May 17, 2009, grievance contradicts that assertion, in that Palmer specifies the multiple individuals he had seen: a nurse practitioner, five nurses, two correctional counselors and the crisis team (Doc. 26-1, p. 28). Palmer made no mention of Dr. Fenoglio. Palmer's bald, tentative assertion that it "appears" that Dr. Fenoglio is either attempting to sabotage Palmer's proof, or has provided altered documents, is unpersuasive in light of the documentation in the record and Palmer's own grievance.

Doc 41, p. 8.

At this juncture, the Court will only comment that Defendant complied with Judge Williams' order to produce Plaintiff's medical records, and reiterate that Plaintiff has only made a belated, bald assertion that records have been altered.[1]  As the Court noted in its prior Order, Dr. Fenoglio is sued in his individual capacity; he is not an employee of the Department of Corrections.  There is no suggestion that Defendant has the OTS records; to the contrary, his response to the motion for sanctions indicates he has no such records (Doc. 40).  For these reasons, Defendant cannot be compelled to produce such records.

Having clarified for Plaintiff Palmer why this Court proceeded to rule on Defendant's motion for summary judgment, and having reiterated the rationale for concluding

---

[1] Insofar as Defendant could have been in violation of Judge Williams' order, any sanction would have been Judge Williams' prerogative.  Because Plaintiff presented essentially the same argument in his repose to the Report and Recommendation, this Court did not co-opt the motion for sanctions.

that Plaintiff failed to adequately exhaust administrative remedies, Plaintiff Palmer's Motion to Alter Judgment (Doc. 44) is **DENIED**; the Court's Judgment dated April 30, 2012, shall stand, and the time within which to file a Notice of Appeal shall run from today's date.  Because Plaintiff Palmer has filed a Notice of Appeal (Doc. 45), his current appeal may now proceed.  Palmer's Motion for leave to appeal as a pauper (Doc. 49) will now be decided by separate order.  Of course, if Palmer's concerns about the Court's ruling have been allayed by this Order, he may file a motion in the Court of Appeals to voluntarily dismiss his appeal.

    **IT IS SO ORDERED.**

    **DATED: June 15, 2012**

                                        *s/ Michael J. Reagan*
                                        **MICHAEL J. REAGAN**
                                        **UNITED STATES DISTRICT JUDGE**